IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEVIN HARDAWAY, as next of kin of Doris Albright, deceased, and on behalf of the wrongful death beneficiaries of Doris Albright,<br><br>    Plaintiff,<br><br>v.<br><br>QUINCE NURSING AND REHABILITATION CENTER, LLC, d/b/a QUINCE NURSING AND REHABILITATION CENTER; AURORA CARES, LLC; DTD HC, LLC; D&N, LLC; DONALD T. DENZ; and NORBERT A. BENNETT,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:19-cv-2464<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

Before the Court is Defendants Aurora Cares, LLC ("Aurora Cares"); DTD HC, LLC ("DTD"); D&N, LLC ("D&N"); Donald T. Denz; and Norbert A. Bennett's (collectively, the "Non-facility Defendants") Motion for Reconsideration or, Alternatively, to Certify Order for Appeal, filed on July 31, 2020. (ECF No. 65.)

For the following reasons, Non-facility Defendants' motion is DENIED.

On July 20, 2020, the Court denied Non-facility Defendants' Motion to Dismiss for Lack of Jurisdiction. Hardaway v. Quince

Nursing & Rehab. Ctr., LLC, No. 2:19-cv-2464, 2020 WL 4106440 (W.D. Tenn. July 20, 2020).  On July 30, 2020, Non-facility Defendants asked the Court to reconsider that order "[b]ecause of the novel and critical nature of the issues raised in the Order and the significant implications that the Order will have upon these Non-Facility Defendants, who have been named by the same Plaintiff's attorneys in at least nine (9) different lawsuits pending in this Division and in Shelby County Circuit Court."  (ECF No. 65 ¶ 2); see LR 7.3(b).    Non-facility Defendants ask the Court to: (1) reconsider the Court's finding that it has personal jurisdiction over Defendants DTD, D&N, Denz, and Bennett; (2) alternatively, clarify that Non-facility Defendants have properly preserved their objections to personal jurisdiction and that those objections continue and may be re-asserted at a later date after discovery has been conducted and/or at trial; (3) reconsider or, alternatively, certify for interlocutory appeal the Court's finding that the Tennessee Health Care Liability Act ("THCLA"), Tenn. Code Ann. §§ 29-26-101, et seq. does not bar Hardaway's claims at this stage; and (4) conduct a hearing on the motion.  (Id. ¶¶ 2, 4.)

    Reconsideration is not warranted.

    **1.**    Non-facility Defendants do not present new material facts or a change in law.  LR 7.3(b).  The Court did not err in

finding that it has personal jurisdiction over DTD, D&N, Denz, and Bennett based on the law, procedural posture, and record before the Court.  See <u>Malone v. Stanley Black & Decker, Inc.</u>, No. 19-3880, 2020 WL 3989601, at *2-5 (6th Cir. July 15, 2020).

**2.**   A plaintiff retains the burden at trial of proving the facts on which personal jurisdiction is based.  <u>Hall v. Rag-O-Rama, LLC</u>, 359 F. Supp. 3d 499, 504-05 (E.D. Ky. 2019) (citing <u>Serras v. First Tenn. Bank Nat'l Ass'n</u>, 875 F.2d 1212, 1214 (6th Cir. 1989)).

**3.**  Non-facility Defendants did not raise their argument about § 29-26-102(b) in their motion to dismiss.  An argument raised for the first time in a motion for reconsideration is forfeited. <u>United States v. Huntington Nat. Bank</u>, 574 F.3d 329, 331–32 (6th Cir. 2009) (citing <u>Scottsdale Ins. Co. v. Flowers</u>, 513 F.3d 546, 553 (6th Cir. 2008)).

On its merits, Non-facility Defendants' argument is not persuasive.  Section 29-26-102(b) of the THCLA provides:

> A cause of action may not be asserted against <u>an individual or entity other than</u> the licensee, the licensee's management company, the licensee's managing employees, or an individual caregiver who provided direct health care services, whether an employee or independent contractor, <u>unless</u>, after a hearing on a motion for leave to amend, the court or arbitrator determines that there is sufficient evidence in the record or proffered by the claimant to establish a reasonable showing that:

        (1)    The individual or entity owed a duty of reasonable care to the claimant and that the individual or entity breached that duty; and

        (2)    The breach of that duty is a legal cause of loss, injury, death, or damage to the claimant.

Tenn. Code. Ann. 29-26-102(b) (emphases added).  Non-facility Defendants argue that, because DTD, D&N, Denz, and Bennett were not "the licensee, the licensee's management company, the licensee's managing employees, or an individual caregiver who provided direct health care services," Hardaway was required to move to amend his complaint and the Court was required to conduct a hearing on that motion to allow a cause of action against the Non-facility Defendants.  (ECF No. 66 at 12-13.)  Hardaway has adequately pled that Non-facility Defendants fall within the THCLA's definition of "management company" and/or "managing employees."  Hardaway, 2020 WL 4106440, at *12-13.  Section 29-26-102(b) does not bar his claims.

An interlocutory appeal on this issue would delay rather than advance this cause.  Proceeding piecemeal is not warranted.  United States v. MacDonald, 435 U.S. 850, 853 (1978).

**4.**  A hearing would not assist the Court.

For the foregoing reasons, Non-facility Defendants' motion is DENIED.


So ordered this 5th day of August, 2020.

4

/s/_ _Samuel H. Mays, Jr._
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE